IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JULIUS MARKS, #191 094,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:13-CV-620-WHA |
| ) | [WO] |
| COI M. KEETON, *et al.*,  ) | |
| ) | |
| Defendants.  ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate confined at the Easterling Correctional Facility located in Clio, Alabama, files this 42 U.S.C. § 1983 action against numerous correctional officers seeking injunctive relief. Upon review of the complaint, the court concludes that this case is due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**I. DISCUSSION**

Plaintiff bring this § 1983 complaint against fourteen correctional officers employed at the Easterling Correctional Facility. Plaintiff complains that Defendant M. Keeton touched him on his private part on three isolated occasions. Plaintiff's claims against the

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

remaining defendants concern allegations of verbal abuse. Plaintiff requests an investigation into the problems he is having at the Easterling Correctional Facility. (*Doc. No. 1*.)

*A. Eighth Amendment Claim*

Plaintiff complains that on three separate and isolated occasions Defendant Keeton touched him on his private parts. The Eleventh Circuit has held that "severe or repetitive sexual abuse of a prisoner by a prison official" can violate the Constitution. *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006) (citing *Giron v. Corr. Corp. of Am.,* 191 F.3d 1281, 1290 (10th Cir. 1999); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997); *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997)). The law is settled, however, that not "every malevolent touch by prison guard gives rise to a federal cause of action." *Hudson v. McMillan*, 503 U.S. 1, 9 (1992).

There are two components to a claim of sexual abuse: 1) the injury must be objectively, sufficiently serious (more than *de minimis*); and 2) correctional personnel must have a sufficiently culpable state of mind. *Boxer X*, 437 F.3d at 1111. The latter may be inferred from the act of sexual abuse, however, "isolated episodes of harassment and touching" do not meet the first component. *Id*. That is not to say that such conduct is not reprehensible and unprofessional and may form the basis of a state tort action but it is not sufficient to state an Eighth Amendment claim for cruel and unusual punishment. *Id*.; *see also Boddie,* 105 F.3d at 861 (holding that a few incidents involving verbal harassment,

2

touching, and pressing without consent are not sufficiently serious to constitute an Eighth Amendment violation); *Washington v. Harris*, 186 F. App'x 865, 866 (11th Cir. 2006) (unpublished) (holding that prisoner's allegations that he suffered momentary pain, "psychological injury," embarrassment, humiliation, and fear after he was subjected to an officer's offensive and unwanted touching were *de minimis* injuries not rising to the level of constitutional harm, even if the officer's conduct was inappropriate and vulgar); *Joseph v. Fed. Bureau of Prisons*, 232 F.3d 901 (10th Cir. 2000) (table, unpublished) (no Eighth Amendment violation where prisoner alleged prison official "touched him several times in a suggestive manner and exposed her breasts to him"). In this case, Plaintiff fails to show that the actions about which he complains with respect to Officer Keeton rise to the level of a deprivation of a constitutional right. His allegation against this defendant is, therefore, insufficient to state a claim under § 1983.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] Plaintiff appears to allege in the complaint that a correctional officer inappropriately touched his (Plaintiff's) penis during a shakedown. (*Doc. No. 1 at 7*.) Plaintiff does not identify the individual against whom he makes this allegation. Even if he could, the allegation is nonetheless subject to dismissal. *See Berryhill v. Schriro,* 137 F.3d 1073, 1076-77 (8th Cir. 1998) (inmate's allegation of "a brief touch to his buttocks last[ing] mere seconds," during a pat-down search, which was unaccompanied by "sexual comments or banter" did not satisfy objective component of Eighth Amendment claim); *Henthorn v. Hester*, 1995 WL 299031, at *2 (6th Cir. May 16, 1995) (No Eighth Amendment violation where, during two routine pat down searches, which lasted only seconds, officer moved his "hands open-palmed with fingers together up Plaintiff's leg and inner thighs and touched his (Plaintiff's) testicles"); *Davis v. Castleberry*, 364 F. Supp. 2d 319, 321-22 (W.D.N.Y. 2005) (finding allegation that an officer grabbed the inmate's penis during routine pat-down was insufficient to state constitutional claim, and noting that a legitimate pat-down may require touching an inmate's genital area for the search to be effective).

*B. Verbal Abuse Claim*

Plaintiff's remaining allegations concern assorted incidents where correctional officers subjected him to verbally offensive language. For example, Plaintiff states that on April 27, 2013, Defendant Barnes said "take your black a_ _ back in there; I don't give a f_ _ _ about you," on August 4, 2013, Defendant Porter said Plaintiff "looked like a dam_ fu_ _in[g] fool who the f_ _k is you," and, on August 9, 2013, as Plaintiff was getting out of bed at 1:30 p.m. Defendant Hampton stated to him "take that sh_t down right now and you better fu_ _ _ _ right now." (*Doc. No. 1 at 4-6.*)

Plaintiff's allegation that the named defendants subjected him to verbal abuse and/or harassment entitles him to no relief. The law is settled that verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (mere allegations of verbal abuse do not present actionable Section 1983 claim); *Hopson v. Fredricksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (mere verbal threats generally do not constitute a Section 1983 claim); *see also McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973). Consequently, the conduct Plaintiff attributes to Defendants will not support a claim of violation of his constitutional rights. Because this claim lacks an arguable basis in law, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i & ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before September 24, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 10th day of September, 2013.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE